**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DR. MARCO BITETTO,

                                        Plaintiff,

                - v -                                        Civ. No. 1:18-CV-968
                                                                    (DNH/DJS)

MR. GLENN T. SADDABY[1],

                                        Defendant.

**APPEARANCES:**                        **OF COUNSEL:**

MARCO BITETTO
Plaintiff *Pro Se*
4 Fourth Avenue
Rensselaer, New York 12144

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

        The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff Marco Bitetto.

Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to

Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court

granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. §

1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

---

[1] This is the spelling used in the Complaint. The Court understands this claim to be against Glenn T. Suddaby.

# I.  DISCUSSION

## A.  Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  Although the court should construe the

factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland*

*Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)).  Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

## B.  Allegations Contained in Plaintiff's Complaint

The Complaint in this case is a one page, four paragraph document.  It reads in its entirety:

> Recently Judge D'agostino [sic] issued a close order on my patent litigation case with extreme prejudice.  Therefore, I am bringing a law suite [sic] in federal court for "Blocking Justice with extreme prejudice."
>
> I believe that judges should be made accountable for their rulings and as such I have the full legal right to bring this law suit.
>
> Remember the Christian Book of Judges.  In this book a woman continually cried "Justice" to the judges.  One day a judge told the other judges to give the woman whatever she wanted and just get rid of her for good.
>
> I am like that woman.  I will open a new this case [sic] repeatedly until I win it.

Compl.  This document makes no reference to the basis on which this Court has jurisdiction.

FED. R. CIV. P. 8(a)(1).  It fails to allege facts or set forth a legal theory that would entitle Plaintiff to relief.  FED. R. CIV. P. 8(a)(2).  For example, while appearing to take exception

to actions of Judge Mae D'Agostino in handling other litigation,[2] it makes no reference to what role the Defendant named in this action, a United States District Court Judge, played in that matter. It also identifies no specific legal cause of action. Nor does it make a demand for relief. FED. R. CIV. P. 8(a)(3). For these reasons the Complaint clearly fails to comply with the basic pleading rules described above and is subject to dismissal on that basis alone.

Even if correct as to form, the Complaint is still subject to dismissal on immunity grounds. Viewed in the light most favorable to Plaintiff, this Complaint seeks to ensure that "judges should be made accountable for their rulings." Compl. Such a claim presumably seeks to hold Defendant liable for his official actions in ruling on cases as a United States District Court Judge. It is well established law, however, that judges enjoy absolute immunity from suit for actions taken in the performance of their duties. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction'") (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). A claim seeking to hold judges accountable for their rulings is plainly barred by absolute immunity. *Young v. Selsky*, 41 F.3d at 51; *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("acts arising out of, or related to, individual cases before the judge are considered judicial in nature"). For this additional reason, therefore, the Court recommends dismissing the Complaint.

---

[2] The Court is unable to identify which litigation this passage refers to.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991)). However, where the grounds for dismissal offer no basis for curing the defects in the pleading, leave to amend would be futile. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). To the extent Plaintiff seeks to assert a claim that is barred by absolute immunity, granting leave would be futile and so it is recommended that the Complaint be dismissed with prejudice.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[3] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

---

[3] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**(14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   August 17, 2018
           Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge